UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **Jose A Perez,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00169-SNLJ |
| | ) |
| **Joseph R. Biden, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on a complaint [Doc. 1] filed by plaintiff Jose A Perez against defendants President Joe Biden, Attorney General Merrick Garland, and the U.S. Department of Justice. For the reasons set forth below, plaintiff's complaint is dismissed and all of plaintiff's accompanying motions [Docs 4–7] are denied as moot.

Plaintiff's complaint contains myriad allegations against defendants, including that President Biden created a "voter fraud organization" to untraceably change votes cast in American elections, that prosecutors including Attorney General Garland weaponized law enforcement agencies to conduct an "unprecedented unconstitutional attack against Presidential Candidate Donald J Trump," and that the United States government engaged in false or fraudulent conduct with respect to the rollout and administration of COVID-19 vaccines.

It is fundamental that federal courts only have jurisdiction to hear cases in which the plaintiff has standing to sue. *See Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990)

(holding that "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.") This standing doctrine derives from Article III of the U.S. Constitution, which grants federal courts jurisdiction over only "Cases" and "Controversies." *See* U.S. CONST. art. III, § 2. The Supreme Court has held that, "[u]nder Article III, a case or controversy can exist *only if* a plaintiff has standing to sue." *United States. v. Texas*, 143 S. Ct. 1964, 1969 (2023) (emphasis added). Thus, this Court must, before proceeding to evaluate the merits of a case, determine whether the plaintiff has standing to sue. If plaintiff does not have standing, this Court has no Article III jurisdiction to hear his case; and if this Court has no such jurisdiction, the case must be dismissed.

Plaintiff lacks standing to bring this suit because he has not alleged that he personally has suffered an injury in fact. In order to have standing to bring a lawsuit, a plaintiff must satisfy three conditions: (1) he must have suffered an injury in fact, (2) there must be a causal connection between his injury and the conduct complained of, and (3) it must be likely that the injury would be redressed by a favorable court ruling. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). All three of these conditions must be present. *Id.* Moreover, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements," *Id.* (citations omitted), and standing must be present at all stages of litigation, *see Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021) (holding that "[a]t all stages of litigation, a plaintiff must maintain a personal interest in the dispute"). Because plaintiff has not alleged he suffered an injury in fact, this Court need not examine whether he adequately alleged the other two elements of standing.

An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized…and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations omitted) (internal quotation marks omitted).  For an injury to be concrete, it "must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 340 (2016) (citations omitted).  And for an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560 n.1) (internal quotation marks omitted).  It is not sufficient for a plaintiff to allege that the defendant perpetrated some generalized wrong against society at-large; plaintiff must allege that *he*, in a particular way, suffered a harm.  In *Lujan*, the Supreme Court noted:

> We have consistently held that a plaintiff raising only a generally available grievance about government – and claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy.

504 U.S. at 573–74.  Plaintiff's complaints of various instances of government wrongdoing do not include any allegations of harm more specific to him than to any member of the general public.  For that reason, he has failed to plead he has suffered an injury in fact, and he consequently has no standing to litigate this case.

Accordingly,

IT IS HEREBY ORDERED that Jose A Perez's complaint [Doc. 1] is DISMISSED and all of his accompanying motions [Docs 4–7] are DENIED as moot.

3

Case: 1:23-cv-00169-SNLJ   Doc. #:  9   Filed: 11/03/23   Page: 4 of 4 PageID #: 55

4

So ordered this 3rd day of November, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE